# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL TRUST INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:14-00200-CG-N ) |
| LOWER DIXIE TIMBER COMPANY, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the court on the motions to dismiss or, in the alternative, motions to stay this action filed by Defendants Jessie C. Moss, as the Personal Representative of the Estate of Tina L. Moss, Deceased ("Moss") and Lower Dixie Timber Company, Inc. ("Lower Dixie Timber") (Docs. 10 & 14) as well as Plaintiff National Trust Insurance Company's ("National Trust") response in opposition (Doc. 18), and the Defendants' replies thereto (Docs. 20 & 21). For the reasons stated below, the motions to dismiss are due to be granted, and the motions to stay are due to be denied as moot.

## BACKGROUND

On April 4, 2012, Moss filed a wrongful death action in the Circuit Court of Clarke County, Alabama against Lower Dixie Timber, Lower Dixie Logging Company, Inc. ("Lower Dixie Logging") and Johnny Lee Cox, Jr. ("Cox"). (Doc. 10 at 18). Moss amended the complaint in January 2013 to assert additional theories of

liability against Lower Dixie Timber. (Doc. 10 at 21-24). The second amended complaint alleges that Cox, in the course of his employment with Lower Dixie Logging and while pulling a company owned tractor-trailer on Highway 43 in Thomasville, Alabama, caused an automobile accident that resulted in the death of Tina Moss. Id. The complaint further alleges that Lower Dixie Timber had contracted with Lower Dixie Logging to remove timber and that Lower Dixie Timber breached a non-delegable duty to ensure the safe delivery of wood by negligently selecting an incompetent contractor to transport the wood. Id.

Lower Dixie Timber and Lower Dixie Logging are both Alabama corporations with their principal places of business in Clarke County, Alabama. (Doc. 10 at 21). Moss and Cox are Alabama citizens. Id. Tina Moss was also an Alabama citizen at the time of her death. (Doc. 10 at 28).

Lower Dixie Timber is an insured of National Trust under General Commercial Liability Policy number GL 0000815 10. (Doc. 10 at 31). On or about April 30, 2014, National Trust agreed to defend Lower Dixie Timber in the liability suit, but reserved all of its rights and defenses under the policy with respect to its duty to defend or indemnify as well as the right to seek declaratory relief in determination of its obligations under the policy. (Doc. 1, ¶ 11).

On May 2, 2014, National Trust filed the instant action requesting a declaration that it is not obligated to defend or indemnify Lower Dixie Timber in the underlying suit based on an auto exclusion in the policy,[1] and, alternatively,

---

[1] The policy excludes coverage from any bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or

2

because other valid and collectible insurance is available. (Doc. 1 at 10).

On May 20, 2014, Lower Dixie Timber filed a third-party complaint for declaratory judgment against National Trust in the underlying action in the Circuit Court of Clark County. (Doc. 10 at 31-37). In mirror image of National Trust's request for declaratory relief in this court, Lower Dixie Timber seeks a ruling from the state court that National Trust owes a duty to defend the liability action because the auto exclusion in the policy does not apply to prevent coverage under the allegations of the second amended complaint. Id. Lower Dixie Timber subsequently filed an unopposed motion for leave to amend its answer in the Clark County case. (Doc. 20-1). On June 18, 2014, the state court granted the motion and deemed the previously-filed third-party complaint as filed. (Doc. 20-2).

Lower Dixie Timber and Moss now seek dismissal or, alternatively, a stay of National Trust's federal declaratory judgment action. Specifically, the defendants argue that under the Wilton/Brillhart doctrine, abstention is appropriate because the parties can fully resolve all issues pertaining to the dispute in a parallel lawsuit currently pending in state court.

**ANALYSIS**

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (citations omitted). It gives federal courts the ability to

---

rented or loaned to any insured." (Doc. 10 at 34). The definition of "auto" includes "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment." (Doc. 10 at 35).

make a declaration of rights, but it does not impose a duty to do so. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). "The desire of insurance companies . . . to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Canal Ins. Co. v. Morgan, No. 06-0727-WS-M, 2007 WL 174387, *2 (S.D. Ala. Jan 19, 2007) (internal quotations and citations omitted); see also Prudential Ins. Co. of America v. Doe, 140 F.3d 785, 789 (8th Cir. 1998) ("The Supreme Court's decision in Wilton . . . vests the district courts with broad discretion in deciding whether to hear a declaratory judgment action.").

Consistent with the foregoing, the Eleventh Circuit has long recognized that a district court may "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." Ven-Fuel, Inc. v. Department of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982); see also Federal Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000) ("A court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues."). The Eleventh Circuit has outlined nine factors to consider in determining whether to hear a declaratory action when confronted with a parallel state action:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

4

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

See Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330–1331 (11th Cir. 2005). National Trust argues that (1) the Wilton/Brillhart doctrine and the Ameritas factors do not apply because "there is no valid parallel state court action" on which to base abstention, and "(2) even if the Ameritas factors apply, the issues in this matter weigh in factor of this Court retaining jurisdiction." See Doc 18 at 1.

**A. Parallel Suits**

National Trust argues that there is no valid parallel proceeding in state court because Lower Dixie Timber did not request leave of court to pursue its third-party claim for declaratory judgment as required by Rule 14(a) of the Alabama Rules of

5

Civil Procedure.[2] This court rejected a similar argument in Canal Ins. Co. v. Morgan, No. 06-0727-WS-M, 2007 WL 174387 (S.D. Ala. Jan 19, 2007). In Canal Ins. Co. v. Morgan, the insurer filed a federal declaratory action seeking a declaration of its obligation to defend and indemnify its insured in a liability action pending in state court. Id. at *1. Two weeks later, the insured filed a third-party complaint for declaratory relief in the underlying action against the insurer with out leave of court. Id. at *4-5. The insured then filed a motion to dismiss or stay the federal declaratory action based on the Wilton/Brillhart abstention doctrine. Id. In opposing the motion to dismiss, the insured argued that there was not a valid parallel proceeding to support the need for abstention because the third-party complaint would be dismissed as procedurally improper, which would exclude the insurer from the state court litigation and eliminate factual overlap between the state and federal suits. Id. However, the state court had since cured the procedural defect by issuing an order that authorized the insured to proceed with the third-party complaint. Id. That court found that "whatever merit it may have had, Canal's argument had been mooted" by the state court order authorizing third-party

---

[2] Alabama Rule of Civil Procedure 14(a) provides in pertinent part that:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than ten (10) days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

See Ala. R. Civ. P. 14(a).

6

action. Id. at *5.

Like in Canal Ins. Co. v. Morgan, intervening events have mooted National Trust's argument. The Clarke County Circuit Court granted Lower Dixie Timber's motion for leave to amend on June 18, 2014, and deemed the previously filed third-party complaint as filed. It is clear that National Trust is a party in the Clarke County action and that insurance coverage issues presented in this federal action are also pending before the state court. Thus, National Trust's contention that procedural impropriety in the filing of Lower Dixie Timber's third-party complaint in state court warrants the exercise of federal jurisdiction here is "unavailing." Canal Ins. Co. v. Morgan, 2007 WL 174387, at *5.

**B. Ameritas Analysis**

Because a parallel suit exists in state court, the court must now decide whether the Ameritas factors warrant abstention.[3]

**(1) Strength of the state's interest in having the issues decided in state court**

The original lawsuit asserts state law claims against two Alabama corporations and an Alabama citizen. Furthermore, this suit involves state law

---

[3] The court notes that because there is a valid parallel proceeding pending in state court, many of the cases relied upon by National Trust throughout his opposition brief are distinguishable. See e.g., Specialty Underwriters Alliance v. Peebles McManus, LLC, 643 F. Supp. 2d 1298, 1301 (M.D. Ala. 2009) (denying the defendants' motion to dismiss under the Wilton/ Brillhart doctrine because the underlying state court case "involve[d] different issues and different parties"); Essex Ins. Co. v. Foley, No. 10-0511, 2011 WL 290423, *3 (S.D. Ala. Jan. 27, 2011) (denying the defendant's motion to stay because there was no parallel state litigation). For a case that is factually analogous, see Canal Ins. Co. v. Morgan, 2007 WL 174387 (examining the Ameritas factors and dismissing a declaratory judgment action in favor of state court litigation that encompassed a third party complaint seeking parallel declaratory judgment relief).

7

issues concerning interpretation of an insurance policy issued to an Alabama business with respect to a car accident that occurred in Alabama and that allegedly injured an Alabama citizen. Under these circumstances, Alabama has a significant interest in having state courts resolve the matter. See Lexington Ins. Co. v. Rolison, 434 F. Supp. 2d 1228, 1239 (S.D. Ala. 2006) (finding that Alabama has a substantial interest in deciding state law issues concerning the interpretation of an insurance contract issued to an Alabama business with regards to an Alabama judgment). Thus, this factor favors abstention.

## (2) Whether the judgment in the federal declaratory action would settle the controversy

National Trust argues that abstention in favor of the underlying action would result in piecemeal litigation of the coverage issues because the declaratory relief in state court is only sought as to National Trust's duty to defend, while the declaratory relief National Trust seeks from this court also includes the issue of its duty to indemnify and whether its policy is excess over other available insurance. This argument is misguided. "There is abundant support in the case law for the proposition that an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." Gulf Hauling & Construction, Inc. v. QBE Ins. Corp., No. 2:13-00083-C, 2013 WL 2179278, *6 (S.D. Ala. May 20, 2013) (internal quotations and citations omitted); see e.g., Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an

8

insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."); Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F. Supp. 2d 1205, 1211–12 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability."); State Farm Fire & Cas. Co. v. Myrick, No. 206–CV359–WKW, 2007 WL 3120262, *2 (M.D. Ala. Oct. 23, 2007) ("Resolving the duty to indemnify before the underlying case is concluded could potentially waste resources of the court because the duty to indemnify could become moot if the insured prevails in the underlying lawsuit.").[4] For the same reason, the issue of excess coverage is also premature at this time. See American Fidelity & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960) (finding that the issue of primary/excess coverage was premature because unlike a real and present controversy it was only "academic" and "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may be readily be imagined, but may never come to pass").

Because a judgment has not been entered against Lower Dixie Timber in the underlying action, the only coverage issue presently ripe for adjudication is

---

[4] The defendants also point out that even if the insured's liability was already determined, a direct action against the insurer under Ala. Code. § 27-23-2 (1997) provides a more appropriate remedy than a declaratory judgment to resolve indemnity issues. Assurance Co. of America v. Legendary Homebuilders, Inc., 305 F. Supp. 2d 1266-1271 (S.D. Ala. 2003); McMillian- Bloedel, Inc. v. Fireman's Ins. Co of Newark, New Jersey, 558 F.Supp. 596, 599-600 (S.D. Ala. 1983).

National Trust's duty to defend the liability action. See American Fidelity, 280 F.2d at 458 (opining that, unlike the duty to indemnify, "the duty to defend does not depend upon the payment to damage claimant or the rendition of a judgment declaring the assured's legal obligation to pay"). Irrespective of how this issue is decided, the liability action will need to proceed in state court as to Moss' claims against Lower Dixie Timber. Accordingly, this factor favors abstention.

**(3) Whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue**

While a ruling in this action would clarify the coverage issues, the pending declaratory claims in the underlying suit place the state court in an "equally advantageous position to clarify the parties' legal relations." Progressive Specialty Ins. Co. v. Bailey, No. 06-0289-WS-C, 2006 WL 2091749, * 3 (S.D. Ala. July 25, 2006). As such, this factor weighs little in favor of exercising federal jurisdiction.

**(4) Whether the declaratory remedy is being used merely for the purpose of "procedural fencing"**

It appears National Trust has engaged in procedural fencing by seeking a federal ruling in a case that is not otherwise removable given the lack of diversity between Moss and the other Alabama defendants. The fact that Lower Dixie Timber did not join National Trust as party to the underlying action and assert coverage issues against them until after National Trust filed this action in federal court is irrelevant.[5] The Eleventh Circuit has specifically stated, with reference to the

---

[5] A number of district courts in this state have found that the Ameritas factors weighed heavily in favor of abstention and dismissed federal declaratory actions filed by liability

10

Ameritas analysis, "[t]hat an action in state court was filed after the federal complaint, in anticipation of the motion to dismiss, is of no moment." Triple S Refining Corp. v. Mount Canaan Full Gospel Church, 255 Fed. App'x 762, 762 (citing Ameritas, 411 F.3d at 1329-32)).

**(5) Whether the use of a declaratory action would increase the friction between our federal and state courts**

Due to the procedural posture of this case, this factor also favors declining federal jurisdiction. Identical claims for declaratory relief exist between the parties in state and federal court. This creates an "inherent tension" between the two courts because the outcome of the controversy depends on which court rules first, with a potential res judicata effect upon the other court. See Canal Ins. Co. v. Morgan, 2007 WL 174387, at *3.

**(6) Whether there is an alternative remedy that is better or more effective**

National Trust argues that the state may delay resolution of the coverage issue until after the underlying matter is tried, which would require it "to expend defense cost when it may not have an obligation to do so." See Doc. 18 at 9. National Trust provides no evidence to support this premise. There is nothing to suggest that the resolution of the coverage issues can be reached any more promptly in this court than in state court. Therefore, the court finds that litigating the coverage issue in

---

insurers where the insured subsequently filed a declaratory action in state court, either as a third-party complaint in the liability action or as a separate suit. See e.g. Canal Ins. Co. v. Morgan, 2007 WL 174387; Progressive Specialty Ins. Co. v. Bailey, 2006 WL 2091749; Owners Ins. Co. v. Peoples Services, Inc., No. 1:12-CV-2809-KOB, 2013 WL 23575 (N.D. Ala. Jan. 2, 2013); Cincinnati Specialty Underwriters Ins. Co. v. M&M, LLC, No. 1:10-CV-1053-WKW, 2011 WL 1545314 (M.D. Ala. April 25, 2011).

11

the underlying action is a better and more effective remedy than conducting double-tracked litigation in two courts. National Trust can fully litigate its claim for declaratory relief in the existing state action, with both coverage and liability issues to be decided "in an integrated manner without federal interference." Canal Ins. Co. v. Morgan, 2007 WL 174387, at *3; see also Amerisure Mut. Ins. Co. v. Paragon Const. & Dev., Inc., No. 2:06-cv-01047–MHT, 2007 WL 2893404, *3 (M.D. Ala. Sept. 28, 2007) ("It is the wiser course to have these issues determined together rather than allowing piecemeal, fractured litigation to emerge between the federal and state courts.").

**(7) Whether the underlying factual issues are important to an informed resolution of the case and (8) Whether the state trial court is in a better position to evaluate those factual issues than is the federal court**

These two factors converge in this case. National Trust argues that even though there is some overlap of facts between the proceedings, the coverage issues depend on narrow questions regarding the ownership and operation of the tractor-trailer that could be easily determined by this court without relying or interfering with the state court action. Even if this is true, the state court is still in a better position to hear the declaratory judgment action because it is also familiar with the facts of the liability action. See Canal Ins. Co. v. Morgan, 2007 WL 174387, at *4 ("Rather than having two courts duplicate effort in scrutinizing and assessing the underlying facts, a far more sensible and efficient approach is for the state court that is already tasked with examining those facts in the underlying case to apply

12

those same facts to the pending claims for declaratory relief.").

**(9) Whether there is a close nexus between the issues and state law/public policy, or whether federal law dictates a resolution of the declaratory judgment action**

The state court complaint raises "exclusively state law issues and implicates exclusively state law public policies, with no reference whatsoever to federal common or statutory law." Rolison, 434 F. Supp. 2d at 1242. Thus, this factor weighs in favor of abstention.

Taken as a whole, the balance of the Ameritas factors strongly weighs in favor of declining jurisdiction over this declaratory action. Abstention will promote the interests of practicality and efficient judicial administration because the same exclusively state law issues presented in this declaratory action are pending in a parallel state court proceeding, this action includes only a portion of the matters before the state court, and all parties in this action would have full and adequate opportunity to litigate all legal issues in the underlying proceeding. See Canal Ins. Co. v. Morgan, 2007 WL 174387, at *4. Thus, the court must now determine whether dismissal or a stay of this action is appropriate.

Neither of the parties have suggested there would be any risk of a time bar with respect to National Trust's claims here. Further, the resolution in the state court of the coverage issue between National Trust and Lower Dixie Timber will be binding in this court. See Canal Ins. Co. v. Morgan, 2007 WL 174387, at *5 (deciding to dismiss rather than stay a case because there was no showing "that a

time bar might thwart the insurer's attempt to bring a declaratory judgment action if the state case, for any reason, fail[ed] to resolve the matter in controversy" and "granting a stay might create incentives for forum-shopping and piecemeal litigation, as the insurer might seek to derail litigation of the coverage claims in the state court action in hopes of ligating those matters in federal court following the lifting of the stay."). Based on these considerations and in the absence of any countervailing arguments by the parties, this action will be dismissed rather than stayed.

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, the court finds that Moss' and Lower Dixie Timber's motions to dismiss (Docs. 10 & 14) are **GRANTED.** The alternative motions to stay (Docs. 10 & 14) are **DENIED as MOOT.**

**DONE** and **ORDERED** this 22nd day of August, 2014.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE